O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GINA BOWMAN, an individual, | ) | Case No. CV 13-03873 DDP (AGRx) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO DISMISS |
| v. | ) | PURSUANT TO FED. R. CIV. P. |
| | ) | 12(b)(3) |
| KONA UNIVERSITY, INC., a | ) | |
| Hawaii corporation doing | ) | |
| business in California, | ) | [Dkt. No. 4] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court is Defendant's Motion to Dismiss or Transfer ("Motion"). Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Facts**

Plaintiff Gina Bowman is a resident of Los Angeles, California. (Complaint ¶ 1.) Defendant, Kona University ("Kona"), is a Hawaii corporation that also does business in California. (Id. at ¶¶ 1-2.)

In 2006, Plaintiff began working at Kona as a logistics coordinator and trainer. (Id. at ¶ 2.) Aside from the occasional

1  trips to Kona's headquarters in Hawaii, Plaintiff worked in
2  California. (Id.)  In November 2011, Plaintiff was promoted to
3  marketing manager. (Id. at ¶ 3.)  In December 2011, Kona's
4  President, Matthew James ("James"), complimented the Plaintiff on
5  her job performance and told her "Don't go and get pregnant or
6  anything." (Id.)  Unbeknownst to James, Plaintiff was already
7  pregnant. (Id.)
8       In January 2012, Plaintiff was told she would be temporarily
9  relegated to her previous position and would revert back to
10 marketing manager in July 2012. (Id.)  Following the temporary
11 demotion, Plaintiff revealed to James that she was pregnant; upon
12 her revelation, Plaintiff received a demotion to a part-time,
13 online training position. (Id.)  When the date for Plaintiff's
14 reinstatement to marketing manager arrived, she was, instead,
15 informed via e-mail that Kona was going to lose its accreditation
16 and that she was being let go. (Id.)
17      Plaintiff initiated this action against Kona on February 22,
18 2013, alleging (1) gender/pregnancy discrimination in violation of
19 California Government Code Section 12940, (2) wrongful termination
20 in violation of public policy, (3) retaliation, (4) negligence, and
21 (5) negligent infliction of emotional distress.
22      Defendant now moves to dismiss the action for improper venue
23 on the basis of a forum selection clause in Plaintiff's employment
24 contract that designates Hawaii as the forum for any related
25 litigation. In the alternative, Defendant asks that this court
26 transfer this matter to the District of Hawaii.
27 ///
28 ///

2

**II. Legal Standard**

A forum selection clause can properly be enforced through a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Arguenta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." Id. at 15.

**III. Discussion**

There are two types of forum selection clauses: mandatory and permissive. Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1036-37 (9th Cir. 1995). "A mandatory forum selection clause is presumed valid and is to be strictly enforced. A permissive forum selection clause, on the other hand, simply means that the parties consent to the jurisdiction of the designated forum." Hsu, et al. v. OZ Optics Limited, 211 F.R.D. 615, 618 (N.D. Cal 2002) (internal citation omitted). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." Laborers, 69 F.3d at 1036-37. The language in Plaintiff's contract is mandatory because it contains exclusive language that "*any* legal actions . . . shall be filed in the Hawaii judicial system *only*." (James Decl., Ex. 3)(emphasis in original.) Moreover, the forum selection clause applies to any legal actions "pertaining to . . . the employment" of Plaintiff. (Id.)

3

Case 2:13-cv-03873-DDP-AGR   Document 13   Filed 07/23/13   Page 4 of 9   Page ID #:122

Plaintiff does not contest that the language of the forum selection clause is mandatory. Rather, Plaintiff argues that the clause is unreasonable, and therefore unenforceable. A mandatory forum selection clause can be invalidated if: (1) "the inclusion of the clause in the agreement was the product of fraud or overreaching;" (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced;" and (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." Bremen, 407 U.S. at 12. Plaintiff argues that the forum selection clause should be invalidated for all of these reasons.[1]

**A. Fraud**

A forum selection clause can be invalidated if the agreement to it was a product of fraud or unequal bargaining power. Bremen, 407 U.S. at 12. This requires more than "broad and conclusory allegations" without any evidentiary support. Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc., 926 F.2d 865, 868 (9th Cir. 1991)

Here, Plaintiff argues that she was compelled to sign the agreement containing the clause as a condition of her employment and had no opportunity to negotiate the terms of the contract. (Opp. at ¶ 3; Bowman Decl. at ¶ 3.) Although Plaintiff alleges

---

[1] Plaintiff also argues that the forum selection clause is invalid because it was chosen for the purely strategic reason of discouraging Plaintiff from pursuing her claims. (Opp. to Mot. to Dismiss ¶¶ 3-4.) In support of this claim, Plaintiff cites to Bolter v. Superior Court, 104 Cal. App.4th 900, 909 (2001). Plaintiff cites no evidence, however, that this was the only reason for the Defendant's choice of Hawaii. Plaintiff further ignores that the University is located in Hawaii, that several potential witnesses are located there, and that the contract was executed there. Moreover, Bolter analyzed the terms of an arbitration agreement, not a forum selection clause.

4

undue bargaining power, the facts do not support her claim. Kona provides affidavits from other employees, all of whom negotiated various parts of their contracts. (Supplemental James Decl. ¶¶ 2-3; Decl. of Nicolas Rave in Support of Defendant's Motion; Decl. of Michelle Quint (known as Maykala Leone) in Support of Defendant's Motion ¶ 1; Decl. Of Farhad Saba in Support of Defendant's Motion ¶ 1.) Indeed, Plaintiff herself was able to successfully renegotiate terms of her contract, such as her salary and commission. (Supplemental James Decl. ¶ 2.) Moreover, Plaintiff does not demonstrate any significant evidence of compulsion that would make the clause invalid. See Arguenta, 87 F.3d at 325 (finding a forum selection clause valid even though the plaintiff signed an agreement in order to be released from custody after hearing an associate being beaten in the room next door).

Thus, Plaintiff has not shown that the forum selection clause should be invalidated due to fraud or unequal bargaining power.

**B. Deprivation of a Day in Court**

To demonstrate that enforcing a forum selection clause would deprive a party of her day in court, a party must show that the selected forum makes it "an impossibility for her to try her case, not simply a less convenient or effective means of doing so." Pratt v. Silversea Cruises, Ltd., Inc., C 05-0693 SI, 2005 WL 1656891 (N.D. Cal. July 13, 2005); See also Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir.1966)("Mere inconvenience or additional expense is not the test for unreasonableness.")

The Ninth Circuit has held that a combination of financial troubles and physical disability suffered by the plaintiff could

5

bar a plaintiff from litigating his claim if he were held to a forum selection clause. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1143 (9th Cir. 2004).  In Murphy, the plaintiff, an Oregon resident, was a disabled sixty-one year old who had used all of his and his wife's disability payments to pay outstanding bills, and had no disposable income. Id. at 1142. In addition, the plaintiff could not drive to Wisconsin, the venue designated in the forum selection clause, because of a physical disability that prevented him from sitting for long periods of time  Id. at 1143.

     While Murphy recognized a combination of factors sufficient to render a forum selection clause invalid, "neither severe physical limitation nor economic hardship alone is generally enough" to render a forum so gravely inconvenient as to warrant invalidating a forum selection clause. Pratt v. Silversea Cruises, Ltd., Inc., 2005 WL 1656891 *3 (N.D. Cal. July 13, 2005).[2] However, some situations of extreme financial difficulty may warrant invalidation of a forum selection clause.  For example, in Utoafili v. Trident Seafoods Corp., the difference in cost between the venue designated in the forum selection clause and the plaintiff's home forum would have been, by a conservative estimate, "the equivalent of nearly twenty-one months of Plaintiff's income." Utoafili v. Trident Seafoods Corp., 09-2575 SC, 2009 WL 4545175 (N.D. Cal. Nov. 30, 2009).  Because this difference was severe enough that enforcement

---

[2] Some courts have interpreted Murphy to require both disability and financial harship. See, e.g. Samain v. Advent Prod. Dev., EDCV 08-980VAP(PLAX), 2008 WL 4501497 (C.D. Cal. Sept. 30, 2008)("[A]lthough it is a compelling reason to deny transfer, financial hardship, alone, is insufficient to deprive an individual of his day in court.").

6

of the forum selection clause would be prohibitive and fundamentally unfair, the court denied the motion to dismiss. <u>Id.</u>

A party claiming extreme financial difficulty, cannot, however, simply make bare assertions of "dire financial situation[s]" or "significant financial hardship." <u>Holck v. Bank of New York Mellon Corp.</u>, 769 F. Supp. 2d 1240, 1252 (D. Haw. 2011); <u>Ziya v. Global Linguist Solutions, LLC</u>, CV10-2021-PHX DGC, 2011 WL 5826081 (D. Ariz. Nov. 18, 2011)(explaining that a lack of specifics as to plaintiff's financial hardship precluded finding that a forum selection clause was unreasonable); <u>Effron v. Sun Line Cruises, Inc.</u>, 67 F.3d 7, 11 (2d Cir. 1995)(holding that a forum selection clause would not be negated by plaintiff's "conclusory assertions that she cannot afford to travel to Greece, that she would be afraid to stay at a strange city, that she does not know any Greek lawyers, etc," because unsupported statements do not meet the "heavy burden of proof" required).

Here, Plaintiff argues that requiring her to litigate in Hawaii would preclude her from pursuing her claim because of the expense incurred. (Opp. at ¶ 3; Bowman Decl. at ¶ 6.) Plaintiff also states that her obligations to her two children would preclude her from litigating in Hawaii. (<u>Id.</u>)

The court cannot conclude from the evidence presented that Plaintiff will be deprived of her day in court if the forum selection clause is upheld. Unlike the plaintiff in <u>Murphy</u>, Bowman has not alleged a combination of physical and financial hardship that would preclude her from pursuing her claim in Hawaii. Instead, Plaintiff has alleged solely financial hardship. Plaintiff's evidence of such difficulties, however, is scant, vague, and does

not rise to the extreme levels shown in cases such as Utoafili or Murphy. Unlike those plaintiffs, who provided detailed accounts of income and expenses for litigation, Plaintiff here does not expand upon the bare assertion that she is unable to afford litigation in Hawaii, and has not demonstrated that enforcing the forum selection clause would prevent her from having her day in court.

### C. Public Policy

Enforcement of a forum selection clause should be denied if it would "contravene a strong public policy of the forum in which the suit is brought." Bremen, 407 U.S. at 15. A state's public policy interest will "not be contravened as long as [a plaintiff] has some legitimate remedy" for his or her claim. Flake v. Medline Indus., Inc., 882 F. Supp. 947, 950 (E.D. Cal. 1995)(explaining that requiring litigation of an age discrimination claim in Illinois instead of California would not undermine California's public policy because Illinois had a similar remedy).

Here, the Plaintiff argues that relocating the forum to Hawaii would contravene California public policy in favor of allowing individuals to vindicate their employment-related rights, such as those enshrined in California's Fair Employment and Housing Act. (Opp. at ¶ 3.)

Requiring Plaintiff to litigate this claim in Hawaii would not contravene California's interest in preventing discrimination. Hawaii law (Haw. Rev. Stat. §§ 368-1, 368-17, 378-1, 378-2, 378-5) which, like California, allows for contract, compensatory, and punitive damages. Furthermore, proceeding in Hawaii would not necessarily preclude Bowman from pursuing claims of pregnancy discrimination under federal law (42 U.S.C. § 2000e(k)) or

8

California law.[3]  Thus, while California does have an interest in protecting its citizens, litigating Plaintiff's claims in Hawaii would not subvert California's public policy.

**IV. Conclusion**

For the reasons stated above, the Plaintiff has not met her heavy burden of proof to demonstrate that the mandatory forum selection clause is invalid.  Defendant's Motion to Dismiss is, therefore, GRANTED.[4]

IT IS SO ORDERED.

Dated: July 23, 2013

DEAN D. PREGERSON
United States District Judge

---

[3] The forum selection clause states that the interpretation of the employment agreement shall be governed by Hawaii law "applicable to contracts executed and to be entirely performed within the state." (James Decl., Ex. C ¶ 15.)  To the extent that Defendant suggests that this limits Bowman's state law claims to those brought under Hawaii law, this court takes no position on the matter. (Reply at 8).

[4] Having granted Defendant's Motion to Dismiss, the court does not address arguments related to transfer under 28 U.S.C. § 1404.

9